IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SIDNEY EUGENE GREER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-82 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Respondent's Motion to Dismiss (Dkt. No. 17). After reviewing the pleadings, the records, and the applicable law, the Court is of the opinion that Respondent's motion should be granted.

### Background

Petitioner Sidney Eugene Greer ("Greer") is incarcerated pursuant to a judgment and sentence of the 284th Judicial District Court of Montgomery County, Texas, in cause number 01-09-06007-CR, styled *The State of Texas v. Sidney Eugene Greer*. Montgomery County Clerk's Record ("CR") at 23-25. In September 2001, a grand jury issued an indictment charging Greer with the felony offenses of aggravated manufacture of a controlled substance and possession of prohibited weapons. *Id.* at 4. Shortly thereafter, on December 10, 2001, Greer entered a plea of guilty to the charge of aggravated manufacture of a controlled substance and the possession of prohibited weapons charge was dismissed. *Id.* at 23-25. Following Greer's plea, on December 13, 2001, the trial court sentenced Greer to twenty-five years incarceration in the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"). *Id.* Greer failed to timely file a direct appeal of his 2001 judgment and sentence. Green did, however, file a motion for a new trial on January 4, 2002, which was denied on February 19, 2002. *Id.* at 28-29, 44.

Approximately eighteen months later, Greer sought an out-of-time appeal by filing a state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals eventually granted. *Ex parte Greer*, Appl. No. 58,374-01 at cover, 3. Consequently, on July 6, 2004, Greer filed an appeal to the Texas Tenth Court of Appeals. Texas Tenth Court of Appeals, Criminal Docketing Statement, at 12-13; *Greer v. State*, No. 10-04-00246-CR (Tex. App.—Waco). Greer subsequently moved to voluntarily dismiss his out-of-time appeal, a motion which the Texas Tenth Court of Appeals granted on April 27, 2005. *Greer v. State*, No. 10-04-00246-CR (Tex. App.—Waco).

On March 17, 2005, Greer filed another state habeas application, which was dismissed by the Texas Court of Criminal Appeals because Greer's out-of-time appeal was pending. *Ex parte Greer*, Appl. No. 58,374-02 at cover, 2. On November 4, 2005, Greer filed yet another state application for writ of habeas corpus, this time raising a collateral attack on his conviction. *Ex parte Greer*, Appl. No. 58,374-03 at 2. The Texas Court of Criminal Appeals denied Greer's third application without written order on March 29, 2006. *Id.* at cover.

Finally, on August 4, 2006, Greer filed the present federal habeas petition. Dkt. No. 1 at 9; *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's petition for habeas corpus is deemed filed on the date it is placed in the prison mail system).

## Claims and Allegations

The Court understands Greer to assert the following:

1. He entered into his guilty plea involuntarily;
2. His attorney rendered ineffective assistance of counsel based on his failure to: (a) file a motion to suppress; (b) sufficiently research the applicable law; (c) negotiate a more favorable plea agreement; and (d) object to incompetent evidence presented at sentencing; and

3.   He was denied his right to a jury trial because the trial court failed to properly admonish him.

## Analysis

### I. Failure to Respond to Respondent's Motion to Dismiss

As an initial matter, the Court notes that Respondent's Motion to Dismiss is unopposed. On February 11, 2008, the Court ordered Respondent to file an answer, dispositive motion or other pleading in response to Petitioner's petition for writ of habeas corpus. *See* Dkt. No. 11. The Court further ordered Greer to "file a response to any dispositive motion filed by the [R]espondent within thirty (30) days." *Id.* Greer was warned that "failure to file a response within thirty days shall result in dismissal of this action for want of prosecution under Rule 41(b), FED. R. CIV. P." *Id.* On April 24, 2008, Respondent filed his Motion to Dismiss. Dkt. No. 17.

Instead of filing a timely response, Greer filed a Letter dated June 12, 2008 indicating he would no longer be housed at the LeBlanc Unit of the TDCJ-ID. Dkt. No. 18. Over a month has passed since the expiration of Greer's response deadline and he has neither filed a response to Respondent's Motion to Dismiss, shown good cause for his failure to do so, nor filed for an extension of time in which to respond.

Greer's failure to pursue this action forces the Court to conclude that he lacks due diligence. Under the inherent powers necessarily vested in a court to manage its own affairs, the Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 4l(b). Although such a dismissal would normally be issued without prejudice, because another, more fatal, ground exists supporting permanent dismissal, the Court will dismiss Greer's petition with prejudice.

## II.     Statute of Limitations

Greer filed his federal habeas petition on August 4, 2006. Dkt. No.1 at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Greer was convicted and sentenced on December 13, 2001. As noted above, Greer timely filed a Motion for New Trial on January 4, 2002, which was denied on February 19, 2002.

Accordingly, Greer's limitations period began on March 13, 2002, when the time to file a timely notice of appeal expired pursuant to TEX. R. APP. P. 26.2(a)(2) (a defendant timely files a notice of appeal when the appeal is filed "within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial"). Greer therefore had until March 13, 2003 to file his federal petition.

Although Greer filed a state application for a writ of habeas corpus seeking an out-of-time appeal on September 10, 2003, the statute of limitations concerning his federal habeas petition had already expired, rendering his petition to this Court untimely. *See Salinas v. Dretke*, 354 F.3d 425, 430-431 (5th Cir. 2004) (holding that granting of an out-of-time petition for discretionary review tolls the statutory period but "does not require a federal court to restart the running of AEDPA's limitations period altogether"); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that a state habeas writ application filed after the expiration of the limitations period has no tolling effect); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (reasoning that an expired limitations period cannot be revived by filing a state habeas petition). Thus, the Texas Court of Criminal Appeals' decision to grant Greer permission to file an out-of-time appeal did not alter the applicable federal limitations period, and when Greer filed the instant petition on August 4, 2006, he did so over three years too late.

Greer's habeas petition is therefore patently time-barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity. Greer neither asserts, nor can the Court otherwise identify, anything in his petition or the record that supports extending the applicable limitations period. Because Greer does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition shall be dismissed as time-barred.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Greer needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Greer makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Greer must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Greer has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

### Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Dkt. No. 17) is **GRANTED** and Greer's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED**. The Court also **DENIES** Greer a Certificate of Appealability.

Signed on this 11th day of July, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE